UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURT J. BOLIN, <br><br> Plaintiff, <br><br> v. <br><br> JOSH PRATER, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-649-JD-MGG |

OPINION AND ORDER

Curt J. Bolin, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bolin alleges that, on January 28, 2021, Wabash County Drug Task Force, Wabash City Police Department, Wabash County Sheriff's Department, and Kosciusko Emergency Response Team (K.E.R.T.) went to 63 E. Main Street in Wabash, Indiana, to execute a search warrant. Approximately twenty minutes before the warrant was executed, Bolin exited the residence to get cigarettes. Defendants Josh Prater and Matt Shrider watched Bolin leave. These officers allegedly knew that there was an active

warrant for Bolin's arrest, but Bolin did not know this. Bolin was not arrested at this time. Bolin alleges that this was a purposeful decision on the part of Josh Prater and Matt Shrider, and that the decision was designed to entrap him. "Entrapment is an affirmative defense in a criminal case, not a cause of action under § 1983." *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 865 (7th Cir. 2004). Accordingly, Bolin may not proceed on his allegation that he was entrapped.

Following Bolin's return, K.E.R.T. breached the door to the residence without first announcing themselves. Bolin claims that the officers did not announce themselves because they had information that one of the individuals inside the residence, Mr. Hipskins, was known to carry a gun, had threatened to shoot police in the past, and was actively dealing narcotics a few months prior to the search. While police executing a search warrant are generally required to knock and announce themselves, there are exceptions to this requirement, including where there is reasonable suspicion that the circumstances present a threat of physical violence. *See Hudson v. Michigan*, 547 U.S. 586, 589 (2006). Because Bolin describes circumstances showing reasonable suspicion to believe that there was a threat of physical violence, he cannot proceed on a claim based on failure to knock and announce before entering the residence to execute the search warrant.

Upon entering the residence, gunfire was exchanged between police and Mr. Hipskins. Mr. Hipskins died from his injuries. Mr. Hipskin's girlfriend was shot. Mr. Bolin's wife had to duck for cover. And Mr. Bolin jumped off a three-story roof to escape the gunfire. Under the Fourth Amendment, an officer's use of force must be

objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Mr. Hipskins fired at police executing a search warrant. Deadly force was reasonable under these circumstances. Therefore, these allegations do not state a claim.

Bolin injured his neck when he jumped from the roof, but he received no medical care. Bolin does not indicate that he told any of the defendants about his injury or requested medical care for his injury. Section 1983 "liability depends on each defendant's knowledge and actions[.]" *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Bolin has not alleged a basis for holding any of the defendants named in this lawsuit liable for not obtaining medical care of his behalf.

Bolin also alleges that he was forced to stand outside in ten-degree weather while barefoot and "barely dressed." ECF 1 at 4. He does not say how long he was subjected to these conditions, and he does not describe his attire. Bolin's allegations regarding the conditions under which he was detained are too vague to state a claim.

Jake Lloyd also told Bolin that, if he ran, Lloyd would "beat the shit out of [him]." Bolin does not allege that Lloyd hit him or otherwise used excessive force against him after he jumped from the roof, and mere verbal harassment does not state a claim. *Cf. DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, No. 17-3543, 2020 WL 240447 (7th Cir., Jan. 7, 2020).

Following the encounter, Indiana State Police investigated the scene of the shooting. The door to the residence was not properly secured by ISP. As a result, some of Mr. Bolin's belongings were stolen. Bolin is suing ISP for allowing his property to be

stolen. Any claim for damages against the Indiana State Police is barred by the Constitution's Eleventh Amendment. The Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Furthermore, the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Bolin has sued prosecuting attorney William Hartley because he allegedly "has it out for him[.]" However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false

4

testimony or evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore, Bolin has not stated a claim against William Hartley.

Officers from the Wabash City Police Department searched a storage unit belonging to Bolin, leaving a copy of the search warrant in the unit. Officers also obtained a warrant for a gold ring that was in Bolin's property at the jail. He claims that there "is no way probable cause existed" for these searches. ECF 1 at 4. An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Bolin does not plausibly allege any material facts were misstated or omitted to obtain the warrants. Accordingly, these allegations do not state a claim.

Finally, Bolin has listed Devin Bechtold as a defendant, but the complaint makes no further mention of him. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Because Bolin does not indicate how Bechtold was personally involved in the events he describes, he will be dismissed.

This complaint does not state a claim for which relief can be granted. Nevertheless, Bolin may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United*

5

*States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to properly complete a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form addressing the issues raised in this order and send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and sent it to Curt J. Bolin;

(2) GRANTS Curt J. Bolin until **November 22, 2021**, to file an amended complaint; and

(3) CAUTIONS Curt J. Bolin if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT