UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CURT J. BOLIN, <br><br> Plaintiff, <br><br> v. <br><br> JOSH PRATER, et al., <br><br> Defendants. | CAUSE NO. 3:21-CV-649-JD-MGG |

OPINION AND ORDER

Curt J. Bolin, a prisoner without a lawyer, filed an amended complaint against Devin Bechtold, Josh Prater, Matt Shrider, Jake Loyd, an unknown E.M.T. worker, unknown Wabash City Officer, unknown officers on the Kosciusko County Emergency Response Team, and unknown Indiana State Police officers. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bolin alleges that, on January 28, 2021, law enforcement officers went to 63 E. Main Street in Wabash, Indiana, to execute a search warrant. Approximately twenty minutes before the warrant was executed, Bolin exited the residence to get cigarettes.

Bolin alleges that Josh Prater and Matt Shrider watched him leave. These officers allegedly knew that there was an active warrant for Bolin's arrest, but they did not arrest Bolin and instead let him return to what they knew to be a dangerous situation. It is unclear why Bolin believes these officers recognized him when he left the residence, knew he had an active warrant, knew what unit of the apartment complex he had exited, or knew he planned to return to the apartment. However, even assuming the officers knew all these things, the failure to arrest Bolin prior to executing the search warrant on 63 E. Main Street does not violate the Constitution. Accordingly, Bolin may not proceed on his allegations that Prater and Shrider recklessly disregarded his safety by not arresting him prior to the execution of the search warrant on 63 E. Main Street.

Officers executing the search warrant had information that one of the individuals inside the residence, Hipskins, was known to carry a gun, had threatened to shoot police in the past, and was actively dealing narcotics a few months prior to the search. Following Bolin's return, officers breached the door to the residence without first announcing themselves. Bolin believes this violated the Constitution. While police executing a search warrant are generally required to knock and announce themselves, there are exceptions to this requirement, including where there is reasonable suspicion that the circumstances present a threat of physical violence. *See Hudson v. Michigan*, 547 U.S. 586, 589 (2006). Here, based on information allegedly provided by Devin Bechtold, a judge issued a search warrant that permitted officers to enter without first announcing themselves. ECF 8-1. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly

misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Bolin does not plausibly allege any material facts were misstated or omitted to obtain the warrant. While Bolin disagrees with the judge's determination that the alleged facts were enough to issue the warrant permitting entry without announcement, that does not render the warrant invalid. Therefore, Bolin may not proceed against Devin Bechtold for his role in obtaining a no-knock warrant to search 63 E. Main St.

When officers entered the residence, a gunshot was fired. Bolin exited a bedroom window and climbed on the roof to escape the gunfire. More shots were fired. An officer then saw Bolin on the roof, drew his gun, and ordered Bolin to put his hands up and get off the roof. Bolin alleges he raised his hand. Then, another shot was fired.[1] The officer ducked. Bolin jumped for a tree limb, but he missed and fell three stories. He got up and ran but then fell to the ground gasping for air. He reports that he injured his neck when he fell. An officer saw Bolin on the ground. Bolin told the officer that he was the one who was on the roof and that he hurt his neck. Bolin was placed in cuffs, and someone told the officers to have Bolin's hands examined. Bolin alleges that he told the E.M.T. worker about his neck injury, but that injury was not addressed.

Officer Jake Loyd escorted Bolin back to the front of the apartment. Bolin did not have shoes on and was wearing only jeans and a t-shirt. They were standing behind a

---

[1] At some point during the encounter, Hipskins suffered a fatal gunshot wound. Hipskins' girlfriend was also shot.

3

running police car. Bolin asked to be placed in the car because he was cold. Officer Loyd denied Bolin's request and told him to sit by the exhaust if he was cold. After about ten minutes, Bolin spoke with Matt Benson. Benson asked Bolin who was in the residence. Bolin asked him to be placed in a car too. Bolin estimates he was outside for fifteen to thirty minutes in below-freezing weather before being transported to the Wabash County Jail. He is suing Loyd for subjecting him to cruel and unusual punishment.

Under the Fourth Amendment, the court must consider "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. *See also Currie v. Chhabra*, 728 F.3d 626, 621 (7th Cir. 2013) ("The relevant legal standard for arrestees who have been seized but who have not yet had their probable cause hearing, we conclude, comes from the Fourth Amendment, not the Fourteenth, and certainly not the Eighth."). Given Bolin's allegation that he was left outside in below freezing weather without shoes and wearing only jeans and a t-shirt for fifteen to thirty minutes following his apprehension, he has plausibly alleged that Officer Loyd's actions were not objectively reasonable. Therefore, he may proceed against Officer Loyd on this claim.

Bolin complains that he did not receive proper medical treatment for his neck injury. But he does not allege that he reported this injury to Devin Bechtold, Josh Prater,

4

Matt Shrider, or Jake Loyd. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Bolin has not alleged a basis for holding any of the individuals named in this lawsuit liable for not obtaining medical care of his behalf.

Following the encounter, Indiana State Police investigated the scene of the shooting. Bolin alleges that the door to the residence was not properly secured by Indiana State Prison. As a result, some of Bolin's belongings were stolen. Bolin is suing Indiana State Prison for allowing his property to be stolen. Any claim for damages against the Indiana State Police is barred by the Constitution's Eleventh Amendment. The Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Furthermore, the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and they provide an adequate post deprivation remedy to redress state

5

officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

Officers from the Wabash City Police Department searched a storage unit belonging to Bolin and left a copy of the search warrant in the unit. Officers also obtained a warrant for a gold ring that was in Bolin's property at the jail. Bolin claims that the probable cause affidavits could not have justified the issuance of these search warrants. ECF 8. But once again, "[a]n arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos*, 431 Fed. Appx. at 500. Bolin has not alleged that any material facts were misstated or omitted to obtain the warrants. Accordingly, these allegations do not state a claim.

Finally, Bolin has named an unknown E.M.T. worker, unknown Wabash City Officers, unknown officers on the Kosciusko County Emergency Response Team, and unknown Indiana State Police officers. Unnamed defendants must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, Bolin may not proceed against these defendants.

For these reasons, the court:

(1) GRANTS Curt J. Bolin leave to proceed against Jake Loyd in his individual capacity for compensatory and punitive damages for leaving him outside in below-freezing weather without shoes and wearing only jeans and a t-shirt for fifteen to thirty minutes on January 29, 2021, in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Devin Bechtold, Josh Prater, Matt Shrider, E.M.T. Individual, Wabash City Officers, Kosciusko County Emergency Response Team, and Indiana State Police;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Jake Loyd at the Wabash City Police Department, with a copy of this order and the complaint (ECF 8), under 28 U.S.C. § 1915(d); and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jake Loyd to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 23, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT